CALLAHAN, Circuit Judge,
dissenting:
In my view, Toll Brothers was justified in rescinding the purchase and sale agreement (“PSA”) due to the Lins’ material breach of granting the temporary indefinite easement to PG & E. Accordingly, I dissent.
Section 6.1 of the PSA sets forth two separate dates for closing: (1) the scheduled closing date (i.e., June 30, 2007); and (2) if the conditions for closing are not met by June 30, 2007, the actual closing date, which is three business days after all the closing conditions are eventually satisfied. However, I do not agree with the majority’s interpretation, that if the closing was not accomplished by June 30, 2007, § 6.1 automatically and unconditionally extended the closing date. If § 6.1 of the PSA is read as a self-executing clause which indefinitely extends closing until all of the closing conditions are met, even where a closing condition is in the hands of a third party, the PSA becomes illusory.
Section 6.1 established a specific closing date, June 30, 2007, but also provided that the scheduled closing date could be extended if either party anticipated that the closing conditions could not be met by the scheduled closing date and affirmatively invoked the right to extend the closing. However, neither the Lins nor Toll Brothers invoked § 6.1 to extend the time of closing. It was only much later, in litigation, that the Lins asserted that § 6.1 of the PSA entitled them to an indefinite closing date. I would hold that the Lins can not invoke the “actual closing date” language of § 6.1 because they waived that right by granting an indefinite easement to PG & E. I would further hold that the indefinite easement encumbered the property as of the closing date and therefore constituted a material breach of the PSA. Toll Brothers rescission of the contract was justified when the Lins could provide no date certain as to when PG & E might quitclaim the easement. See Easton v. Montgomery, 90 Cal. 307, 27 P. 280, 282 (1891); Crim v. Umbsen, 155 Cal. 697, 103 P. 178, 180 (1909). Finally, I would hold that there is no need to apply California’s implied duty of good faith to extend the closing date because there is no “obvious necessity” for applying the duty. See, e.g., Third Story Music v. Waits, 41 Cal.App.4th 798, 809, 48 Cal.Rptr.2d 747 (1995).